UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOUISE LASTER, on behalf of herself
and on behalf of all others
similarly situated,

    Plaintiff,

v.                                  CASE NO.:

LIGHT OF LIFE, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LOUISE LASTER ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendant, LIGHT OF LIFE, INC. ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and the Internal Revenue Code, 26 U.S.C. § 7434. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant operates a home health agency in Orlando, Orange County, Florida.

6. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Named Plaintiff was employed by Defendant as a home health aide.

11. The putative class of similarly situated employees consists of all other home health aides employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

12. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

14. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendant continues to be an "employer" within the meaning of the FLSA.

16. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

17. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

18. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

19. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

20. Named Plaintiff LOUISE LASTER began working for Defendant as a home health aide in June 2018.

21. At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

22. Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

23. Between June 2018 and October 2020, Plaintiff regularly worked fifty-five (55) hours per week.

24. From October 2020 to the present, Plaintiff worked regularly forty-six (46) hours per week.

25. Defendant only paid Plaintiff her regular hourly rate of $11 per hour and did not pay the overtime premium required by the FLSA.

26. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

27. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

28. Defendant paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding its IRS obligations.

29. In particular, Defendant failed to provide Plaintiff with IRS Forms W-2 for tax years 2018 through 2021.

30. For these same tax years, 2018 through 2021, Defendant paid Plaintiff by check without deducting any applicable taxes, for the purpose of intentionally avoiding its IRS obligations.

31. Defendant knew or should have known that it had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with IRS Forms W-2 for each tax year during which Plaintiff worked.

32. Defendant's actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of home health aides whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

34. Therefore, Notice is properly sent to: "All home health aides whom Defendant failed to compensate for all of the overtime hours that they worked from March 2018 to the present."

35. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

36. Plaintiff is similar to the Class because she and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

37. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

38. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

39. Overall, Plaintiff's experience as a home health aide who worked for Defendant is typical of that of the Class.

40. Specific job titles or job duties of the Class do not prevent collective treatment.

41. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## **COUNT I – FLSA OVERTIME VIOLATIONS**

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein. Plaintiff brings this action on behalf of herself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

43. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

44. Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

45. The Members of the Class are similarly situated because they were all employed as home health aides by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its home health aides for all of the overtime hours that they worked in accordance with the FLSA.

46. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

47. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

    (a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that she seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of

        the Class at the applicable overtime rate as liquidated damages;

(h)   Judgment against Defendant, stating that its violations of the FLSA were willful;

(i)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)   All costs and attorney's fees incurred in prosecuting these claims; and

(k)   For such further relief as this Court deems just and equitable.

## COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

49.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 41 of this Complaint, as though fully set forth herein.

50.   By failing to provide Plaintiff with IRS Forms W-2 for all of the tax years during which she was employed by Defendant, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of her employment with Defendant, Defendant filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

51. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**WHEREFORE**, Plaintiff demands:

    (a)    Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

    (b)    That Defendant be ordered to take all the necessary steps to correct the information returns identified above.

    (c)    All costs and attorney's fees incurred in prosecuting these claims; and

    (d)    For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of March, 2021.

                          Respectfully submitted,

                          _____
                          **Donna V. Smith**
                          Florida Bar No.: 661201
                          Wenzel Fenton Cabassa P.A.
                          1110 N. Florida Avenue
                          Suite 300
                          Tampa, Florida 33602
                          Main No.: 813-224-0431
                          Direct No.: 813-386-0995
                          Facsimile No.: 813-229-8712
                          Email: dsmith@wfclaw.com
                          Email: rcooke@wfclaw.com
                          **Attorneys for Plaintiff**